678 P.2d 1112

**Joseph M. O'BOSKEY and Ann B. O'Boskey, husband and wife, and S. Kay Kemp, on behalf of themselves and all others similarly situated, Plaintiffs-Respondents,**

v.

**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF BOISE, now known as United First Federal Savings & Loan Association, a federally chartered savings and loan association, Defendant-Appellant.**

No. 14373.

Supreme Court of Idaho.

March 19, 1984.

William J. Hines and Richard Allen Cummings, Boise, for defendant-appellant.

Jon M. Steele, Boise, for plaintiffs-respondents.

BISTLINE, Justice.

The district court, the Honorable Gerald F. Schroeder, granted summary judgment in favor of the O'Boskeys based on a holding that a deed of trust executed

by them in favor of First Federal Savings and Loan which contained a due-on-sale clause could not be enforced absent a showing of impairment of the security. We first note that we recently affirmed Judge Schroeder's holding that under Idaho law a due-on-sale clause in a deed of trust is not an unreasonable restraint on the alienation of property and is enforceable according to its terms and conditions. *See Lake v. Equitable Savings and Loan Association*, 105 Idaho 923, 674 P.2d 419 (1983). Where, as here, the lender is federally chartered, state laws which might otherwise limit the enforceability of due-on-sale provisions are pre-empted by federal regulations. *Fidelity Federal Savings & Loan Association v. de la Cuesta*, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). However, based on the record before him, and notwithstanding his decision in *Lake*, Judge Schroeder held the due-on-sale clause in this case inapplicable. We agree, and affirm.

■ The trust deed was executed in November, 1977, to secure payment of a promissory note in the principal sum of $42,500, plus accruing interest of 9.75 percent per annum. The provision of the trust deed reads:

**"To protect the security of this Deed of Trust, Grantor agrees** [1]:

. . . .

2. In the event the herein described property or any part thereof, or any interest therein is sold, agreed to be sold, conveyed or alienated by the trustor or by operation of law or otherwise, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, at the option of the holder hereof and without demand or notice shall immediately become due and payable."

Pursuant to a purchase agreement under which the O'Boskeys would sell the secured property to Kay Kemp, the latter requested First Federal to allow her to assume the obligations of the trust deed. First Federal was willing only if Kay Kemp would agree to pay a loan origination fee of $414.95 and agree to a two percent increase

in the interest rate. No agreement was reached with First Federal. The O'Boskeys sold the property to Kemp. She signed an agreement in their favor whereunder she would assume all of the trust deed obligations other than the higher interest rate demanded by First Federal. She also agreed to seek alternate financing should First Federal utilize the due-on-sale provision to accelerate the obligation of the note. The O'Boskeys agreed to pay the loan origination fee, but First Federal declined to accept it. On September 18, 1980, First Federal served notice of acceleration, and a trustee's sale date was set. The O'Boskeys and Kemp joined as plaintiffs and sued for declaratory and injunctive relief. First Federal removed the case to federal district court, but shortly thereafter, that court remanded. Back in state court, Judge Schroeder granted a temporary order restraining the sale.

Both parties moved for summary judgment. Following hearing the court denied First Federal's motion, ruling that "the contract itself limits the due-on-sale clause to those cases necessary to protect the security." R., p. 117. Partial summary judgment in favor of the O'Boskeys and Kemp was ordered "to the extent that defendant [First Federal] cannot invoke the due-on-sale clause unless it shows that the transfer will impair its security." R., p. 117. This appeal followed.

The due-on-sale provision is readily seen as predicating First Federal's option to accelerate the obligation of the secured note upon a need to protect the security. If this is not an absolute, it is at least so worded that it could be so understood by a reasonable person. For certain it is not geared to economic conditions, and in particular to changing costs for the use of money. On the state of the record before him, it was readily apparent to the trial judge that money market conditions, and not protection of the security, motivated First Federal's acceleration of the note under the due-on-sale clause.

1. The boldfaced type appears on the original as here.

Judge Schroeder's conclusions, while not as binding upon us as are substantiated findings of fact, are entitled to deference, and we would be loathe to interfere unless we are persuaded that those conclusions are erroneous. His written decision on the particular proposition now laid before us is this:

"From a review of the authority the court is satisfied that the federal statute and implementing regulations preempt the field so far as the rights of federally chartered savings and loan associations to utilize a due-on-sale clause. However, having said that, the issue is not at a close. Specifically 12 C.F.R. 545.8–3(f) [2] provides that exercise of a due-on-sale clause shall be 'exclusively governed by the terms of the loan contract, and all rights and remedies of the association and borrower shall be fixed and governed by that contract.' This raises an immediate problem for the position of the defendant First Federal Savings and Loan. The due-on-sale clause in the deed of trust is introduced by the following language:

'To protect the security of this Deed of Trust, Grantor agrees. ...'

A simple reading of the contract indicates that the provision is applicable to those cases in which a transfer of the property would impair the security. The authorization of a due-on-sale provision by the federal regulations is not a carte blanche to a federally chartered savings and loan to do whatever it wishes. *The regulations set forth that the rights of the parties are governed by the contract. The contract states that the provision is to protect the security of the deed of trust. The contract itself limits the due-on-sale clause to those cases necessary to protect the security.* Therefore, the defendant's motion to dismiss or for summary judgment is denied. The plaintiffs' motion is granted to the extent that the defendant cannot invoke the due-on-sale clause unless it shows that the transfer will impair its security."

R., pp. 116–17 (emphasis added).

Not persuaded of error below, we affirm and remand for further proceedings. Costs to respondents.

DONALDSON, C.J., SHEPARD, J., and McFADDEN and SCOGGIN, JJ. Pro Tem., concur.

---

**2.** 12 C.F.R. 545.8–3(f) is set out in Judge Schroeder's decision, and provides:

"'(f) *Due-on-sale clauses.* An association continues to have the power to include, as a matter of contract between it and the borrower, a provision in its loan instrument whereby the association may, at its option, declare immediately due and payable sums secured by the association's security instrument if all or any part of the real property securing the loan is sold or transferred by the borrower without the association's prior written consent. Except as provided in paragraph (g) of this section with respect to loans made after July 31, 1976, on the security of a home occupied or to be occupied by the borrower, *exercise by the association of such option (hereafter called a due-on-sale clause) shall be exclusively governed by the terms of the loan contract, and all rights and remedies of the association and borrower shall be fixed and governed by that contract.*'"

R., p. 115.